**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------:

**SHAMEEK HARRISON,**

                          Petitioner,         **REPORT AND**
                                                    **RECOMMENDATION**
                    - against -

                                                    **05 Civ. 0603 (PKC) (RLE)**

**R.A. GIRDICH, Superintendent of Upstate**
**Correctional Facility,**

                          Respondent.

---------------------------------------------------------------:

**To the HONORABLE P. KEVIN CASTEL, U.S.D.J.:**

## I. INTRODUCTION

Petitioner Shameek Harrison ("Harrison"), a New York state prisoner in Clinton Annex Correctional Facility, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 18, 2005. Harrison was convicted of one count of criminal possession of a controlled substance in the first degree and one count of resisting arrest. Trial Transcript at 548. He was sentenced to an indeterminate term of fifteen years to life and a concurrent term of one year. Sentencing Transcript at 8-9. Harrison contends that his incarceration violates the United States Constitution in that he was: 1) deprived of effective assistance of trial counsel in violation of the Sixth Amendment; and 2) deprived of his rights under the Fourth Amendment when the trial court denied his motion to suppress evidence. Amended Petition Under 28 USC § 2254 ("Pet.") ¶ 13. For the reasons set forth below, I recommend that the petition be **DENIED**.

## II. BACKGROUND

Harrison was arrested on January 29, 1999, after police officers in New York County stopped a car with a broken taillight. Suppression Hearing Transcript at 7. The officers had

noticed Harrison, who was seated in the back seat of the car, making erratic motions with his shoulders as if kicking something under the seat. **Id**. at 8. When the officers removed him from the car, they found a bag of drugs between the cushions of the seat. **Id**. at 9. Harrison fled when the officers tried to handcuff him, but was subsequently apprehended. **Id**. at 11.

Harrison's counsel had notified the government that Harrison intended to testify before the grand jury. Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Resp. Mem.") at 2-3. On the day of the grand jury indictment, Harrison was produced at court, but was not taken before the grand jury, and was indicted without his testimony. **Id**. at 3. The parties differ as to what went wrong, but it appears there was a miscommunication between Harrison's counsel and the District Attorney's Office. ***See* id**. at 4; ***see also*** Brief for Defendant-Appellant, Appellate Division, First Department, October, 2002, at 3-4. Eight days later, Harrison's counsel moved to dismiss the indictment. Resp. Mem. at 3-4. The trial court denied the motion as untimely because it should have been filed within five days of arraignment. **Id**. at 4-5.

Before trial, Harrison also moved to suppress the drug evidence obtained when police removed him from the back seat of the car. **Id**. at 6-7. The trial court denied the motion, finding the evidence admissible because the police officer's action in removing Harrison from the car was consistent with proper police procedures, and the officer acted properly when he shined his flashlight into the back seat. **Id**.

After the trial, Harrison's counsel filed an appeal, alleging the same claims Harrison has raised in this petition. *See* Declaration of Malancha Chanda, Assistant Attorney General, in Opposition to Petition for a Writ of Habeas Corpus ("Resp. Decl."), Exh. C. Harrison argued

that his counsel's untimely motion constituted ineffective assistance of counsel under the Sixth Amendment. *See* **id.**, at 9-13. The Appellate Division denied Harrison's claim on the merits, stating that "counsel's failure to file a timely dismissal motion, standing alone, does not constitute ineffective assistance of counsel." **People v. Harrison**, 758 N.Y.S.2d 300, 300 (App. Div. 1st Dep't 2003). The court further explained that Harrison had not demonstrated that, had he been able to testify before the grand jury, his testimony would have affected the outcome of the proceedings. **Id**.

Harrison also claimed his rights under the Fourth Amendment were violated when the trial court denied his motion to suppress the drug evidence. The Appellate Division affirmed the trial court's ruling, finding that because the traffic stop was lawful it was also "lawful for the officers to remove [him] from the vehicle, even absent a particularized reason to believe he might be armed." **Id**. The court affirmed Harrison's conviction, and leave to appeal to the New York Court of Appeals was denied on September 15, 2003. **People v. Harrison**, 100 N.Y.2d 621 (2003). His conviction became final on December 14, 2003, upon expiration of his time to seek a writ of certiorari to the United States Supreme Court. *See* **Williams v. Artuz**, 237 F.3d 147, 150-51 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).

### III. DISCUSSION

**A. Timeliness and Exhaustion**

Harrison filed his initial habeas petition on October 8, 2004, within one year of his conviction becoming final, and it is therefore timely. *See* 28 U.S.C. § 2244(d)(1). In his state appeal, he raised the same claims included in this petition. Respondent argues Harrison's ineffective assistance of counsel claim is nonetheless unexhausted because the state court

indicated that, rather than raise that claim on direct appeal, Harrison should have filed a motion pursuant to Criminal Procedure Law ("CPL") § 440.10, which would allow him to expand the record. *See* **Harrison**, 758 N.Y.S.2d at 300. The exhaustion doctrine requires a petitioner to have "fairly presented his federal claim to the state courts [by] inform[ing] the state court of both the factual and the legal premises of the claim he asserts in federal court." **Daye v. Attorney Gen. of New York**, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), **cert. denied,** 464 U.S. 1048 (1984). While respondent is correct that the state court indicated a CPL § 440.10 motion was appropriate, the court also reached the merits of Harrison's ineffective assistance of counsel claim. **Harrison**, 758 N.Y.S.2d at 300. Harrison has therefore met the exhaustion requirement. Moreover, district courts have the power to deny a habeas petition on the merits even if some of the claims have not been exhausted. 28 U.S.C. § 2254(b)(2).

**B. Claim of Ineffective Assistance of Counsel**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts a federal court with respect to claims adjudicated on the merits in state court. 28 U.S.C. § 2254(d)(1). The court may only issue a writ if the state court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." **Williams v. Taylor**, 529 U.S. 362, 412-13 (2000) (*quoting* 28 U.S.C. § 2254(d)(1)); **Shabazz v. Artuz**, 336 F.3d 154, 160-61 (2d Cir. 2003).

In order to establish an ineffective assistance of counsel claim, a defendant must show: (1) "that counsel's performance was [so] deficient" as to fall below "an objective standard of

4

reasonableness;" and (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial." **Strickland v. Washington**, 466 U.S. 668, 687-88 (1984).

The Appellate Division's rejection of Harrison's claims of ineffective assistance of counsel was not an "unreasonable application" of federal law. On direct appeal, Harrison argued the outcome of his case would have been different if his counsel's motion had been timely because the indictment would have been dismissed. *See* Resp. Decl., Exh. C, at 12-13. The state court found that it was not clear that even a timely motion would have been granted, and that in any event, the result of Harrison's case would not have been different if Harrison had been brought before a second grand jury. **Harrison**, 758 N.Y.S.2d at 300.

This analysis is consistent with federal law as applied to claims similar to Harrison's. A defendant has no constitutional right to appear before the grand jury. **United States v. Ruiz**, 894 F.2d 501, 505 (2d Cir. 1990). Consequently, denial of the right to appear before the grand jury is not a cognizable claim on habeas review after a jury has convicted the petitioner. **Lopez v. Riley**, 865 F.2d 30, 32 (2d Cir. 1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court."); **Saldana v. New York**, 850 F.2d 117, 119 (2d Cir. 1988) (petitioner was "not entitled to relief in the federal courts because the State's failure to allow him to testify before the grand jury could not have made any constitutional difference because he suffered no prejudice").

This Second Circuit precedent "foreclos[es] the possibility of a Sixth Amendment violation" if a petitioner cannot show prejudice because of counsel's failure to facilitate a defendant's testimony before the grand jury. **Velez v. New York**, 941 F. Supp. 300, 316

5

(E.D.N.Y. 1996). Furthermore, if a petitioner fails to state what he would have told the grand jury, and did not testify at trial, he cannot show prejudice to his case. **Id**.; **Montalvo v. Annetts**, 2003 WL 22962504, at *17 (S.D.N.Y. Dec. 17, 2003). The same holds true when counsel fails to file a timely motion to dismiss the indictment based on a violation of the right to testify before the grand jury. **Williams v. Ricks**, 2004 WL 1886028, at *7 (S.D.N.Y. Aug. 24, 2004) ("Neither counsel's failure to effectuate Petitioner's appearance before the grand jury nor the untimeliness of the motion rendered Petitioner's legal representation constitutionally deficient.").

"[J]udicial scrutiny of counsel's performance must be highly deferential." **Cowan v. Artuz**, 96 F. Supp. 2d 298, 304 (S.D.N.Y. 2000) (*quoting* **Strickland**, 466 U.S. at 689)). Additionally, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." **United States v. Mocombe**, 2000 WL 488464, at *2 (S.D.N.Y. Apr. 24, 2000) (*quoting* **Strickland**, 466 U.S. at 689)). There must be a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694; *see also* **Kieser v. New York,** 56 F.3d 16, 18 (2d. Cir. 1995). Not finding such a probability, the Appellate Division appropriately denied Harrison's claim. Harrison's claim under the Sixth Amendment should be **DENIED**.

## C. Claim Under the Fourth Amendment

"Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." **Stone v. Powell**, 428 U.S. 465, 494 (1976). In the Second Circuit, such claims can only be reviewed by federal courts "(a) if the state has provided no corrective procedures at all to redress

6

the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." **Capellan v. Riley**, 975 F.2d 67, 70 (2d Cir. 1992) (*citing* **Gates v. Henderson**, 568 F.2d 830, 840 (2d Cir. 1977)). In New York, procedures codified in New York Criminal Procedure Law §§ 710 et seq. (McKinney 1995 & Supp. 1999-2000) satisfy part (a) of the test. *See* **Gates**, 568 F.2d at 837; **Crispino v. Allard**, 378 F. Supp. 2d 393, 413 (S.D.N.Y. 2005); **Taylor v. Kuhlmann**, 36 F. Supp. 2d 534, 549 (E.D.N.Y. 1999). Furthermore, there was no unconscionable breakdown of the process in this case. There was a pretrial suppression hearing to determine the constitutionality of Harrison's arrest and subsequent search and seizure. The Appellate Division affirmed the trial court's decision. Harrison cannot show that "no state court . . . conducted a 'reasoned method of inquiry into relevant questions of fact and law,' or any inquiry at all into the Fourth Amendment claim." **Shaw v. Scully**, 654 F. Supp. 859, 864 (S.D.N.Y. 1987) (*quoting* **Cruz v. Alexander**, 477 F. Supp. 516, 523 (S.D.N.Y. 1979)). Accordingly, his Fourth Amendment claim is procedurally barred from habeas review and should be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Harrison's petition for habeas corpus be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, and to the chambers of the undersigned, Room 1970.

Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Courts of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Serv.**, 892 F. 2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636 (b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: December 14, 2005**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Petitioner
Shameek Harrison
No. 99A7023
Clinton Annex Correctional Facility
P.O. Box 202
Dannemora, NY 12929

Counsel for Respondent
Luke Martland
Malancha Chanda
Assistant Attorneys General
120 Broadway
New York, New York 10271